

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON


Jacob Nocita,                                    3:24-cv-05771-TMC

Plaintiff,


v.


Grays Harbor Housing Authority,

Defendant.


Case No.: [Insert Case Number]

COMPLAINT FOR FAILURE TO PROVIDE EMERGENCY RELOCATION, WRONGFUL
REMOVAL OF CHILDREN, AND VIOLATION OF FOURTH AMENDMENT RIGHTS


I. INTRODUCTION

1. Plaintiff, Jacob Nocita, brings this action against Grays Harbor Housing Authority for
   failing to provide emergency relocation for himself and his three children, leading to
   their wrongful removal on July 24, 2020, and multiple unreasonable searches and
   seizures of his home and property by law enforcement on May 5, 2020, and July 2,
   2020.

2. Despite ongoing domestic violence by Plaintiff's spouse, who continues to
   unlawfully enter Plaintiff's home without permission, the Housing Authority has
   failed to relocate Plaintiff and his children, despite multiple relocation requests,
   including the most recent request made in June 2024.

3. The Defendant's actions have violated Plaintiff's rights under federal law, including the Violence Against Women Act (VAWA), and the Fourth Amendment of the U.S. Constitution, subjecting Plaintiff and his children to ongoing harm.

II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 because the case arises under federal law, including claims under the Fourth Amendment and the Violence Against Women Act.

5. Venue is proper in this District under 28 U.S.C. § 1391(b), as the events giving rise to this claim occurred in Grays Harbor County, Washington.

III. PARTIES

6. Plaintiff, Jacob Nocita, is a resident of Hoquiam, Washington, residing at 107 Cub Lane, Hoquiam, Washington, 98550.

7. Defendant, Grays Harbor Housing Authority, is a government agency responsible for managing and providing affordable housing and ensuring the safety of its tenants in Grays Harbor County, Washington.

IV. FACTUAL BACKGROUND

8. Plaintiff and his three children resided at 107 Cub Lane, Hoquiam, Washington, through the Grays Harbor Housing Authority's housing program.

9. Beginning in May 2020, Plaintiff requested emergency relocation due to ongoing domestic violence by his spouse, stalking, and harassment by third parties. His spouse, despite being removed from the lease, continued to enter the home without permission, leaving it in a hazardous state and causing safety concerns.

10. Plaintiff's requests for emergency relocation were ignored by the Housing Authority, including requests made directly to property managers in May 2020, June 2020, and June 2024. Despite these requests, Plaintiff and his children were not relocated, forcing them to remain in unsafe living conditions.

11. On May 5, 2020, law enforcement conducted an unlawful welfare check at the request of Child Protective Services (CPS) social worker Andrea Leal, during which officers entered Plaintiff's home without a warrant or consent, violating Plaintiff's Fourth Amendment rights. This was the first of multiple unreasonable searches and seizures of Plaintiff's home and property.

12. On July 2, 2020, Plaintiff's home was again unlawfully searched by law enforcement, leading to the arrest of Plaintiff's spouse, who was in the home without permission. This unlawful search further violated Plaintiff's Fourth Amendment rights.

13. On July 24, 2020, Plaintiff's three children were wrongfully removed from his home by CPS. The unsafe conditions caused by the Housing Authority's failure to relocate Plaintiff were cited as a reason for their removal. The Defendant's negligence directly contributed to this wrongful removal.

14. Plaintiff has continued to face unlawful intrusions by his spouse, who enters his home despite locked doors, placing Plaintiff in ongoing danger. The most recent incident occurred in 2024, and Plaintiff's June 2024 request for emergency relocation remains unanswered by the Housing Authority.

15. Defendant's refusal to act on Plaintiff's relocation requests has placed Plaintiff in an ongoing, unsafe, and volatile situation, violating his rights under federal law and causing emotional distress, financial loss, and further violations of his privacy.

## V. CLAIMS FOR RELIEF

### Count I: Violation of the Violence Against Women Act (VAWA)

16. Plaintiff re-alleges and incorporates by reference each of the allegations set forth above.
17. Defendant's failure to relocate Plaintiff and his children, despite clear evidence of ongoing domestic violence and safety risks, constitutes a violation of the Violence Against Women Act (VAWA), 42 U.S.C. § 14043e, which mandates housing protections and relocation for victims of domestic violence.
18. As a result of Defendant's failure, Plaintiff and his children were subjected to continued danger, which culminated in the wrongful removal of Plaintiff's children and irreparable harm to Plaintiff.

### Count II: Violation of Fourth Amendment Rights (Unreasonable Searches and SeizuRELIE

19. Plaintiff re-alleges and incorporates by reference each of the allegations set forth above.

20. The failure of Defendant to relocate Plaintiff allowed law enforcement officers to unlawfully enter Plaintiff's home on May 5, 2020, and July 2, 2020, without a warrant or exigent circumstances, in violation of Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.

21. These unlawful searches directly resulted in the wrongful removal of Plaintiff's children and substantial harm to Plaintiff's emotional and mental well-being.

**Count III: Negligence**

22. Plaintiff re-alleges and incorporates by reference each of the allegations set forth above.

23. Defendant owed Plaintiff a duty of care to provide safe housing and respond appropriately to requests for emergency relocation in situations involving domestic violence, as well as harassment and unlawful intrusions by third parties.

24. Defendant breached this duty by failing to relocate Plaintiff and his children, despite multiple requests and known risks to their safety.

25. As a direct result of Defendant's negligence, Plaintiff's children were wrongfully removed, Plaintiff suffered repeated violations of his privacy, and Plaintiff continues to experience emotional distress and financial harm.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. A judgment against Defendant for compensatory damages to be determined at trial, including damages for emotional distress, financial loss, and violation of Plaintiff's Fourth Amendment and VAWA rights.

B.  A declaratory judgment that Defendant violated Plaintiff's rights under the Violence Against Women Act and the Fourth Amendment.

C.  An order requiring Defendant to relocate Plaintiff to a safe and secure environment and reinstate Plaintiff's housing subsidy.

D. An award of costs and attorney's fees as permitted by law.

D.  Any other relief that the Court deems just and proper.

VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: _09/08/2024_

Respectfully submitted,

Jacob Nocita

Plaintiff Pro Se

107 Cub Lane

Hoquiam, Washington 98550

Phone: 564-228-9267

Email: nositaj2@gmail.com

*Jacob Nocita*  09/08/2024