UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACOB NOCITA,

                Plaintiff,

    v.

HOUSING AUTHORITY OF GRAYS HARBOR COUNTY,

                Defendant.

CASE NO. 3:24-CV-5771-TMC

ORDER RENOTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING AMENDED COMPLAINT

       The District Court has referred Plaintiff Jabob Nocita's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On September 13, 2024, Plaintiff filed a proposed civil complaint and application to proceed *in forma pauperis* ("IFP"). *See* Dkts. 1; 1-1.

       **Review of the Complaint.** Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). In the proposed complaint, Plaintiff appears to allege that Defendants, the State of Washington, the

ORDER RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS AND
DIRECTING AMENDED COMPLAINT - 1

1  Lieutenant Governor, and the Secretary of State, are required to sue the Beatles and Yoko Ono
2  "under duress of terrorism." *See* Dkt. 9-2.

3      **Legal Standard.**  The district court may permit indigent litigants to proceed IFP upon
4  completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege
5  of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in
6  exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The Court
7  has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598
8  (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). When the privilege is abused, permission to
9  proceed IFP may be denied. *See Demos v. U.S. Dist. Court for Eastern Dist. Of Washington*, 925
10 F.2d 1160, 1160-61 (9th Cir. 1991); *see also In re Sindram*, 498 U.S. 177, 180 (1991) ("In order
11 to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of
12 justice, the Court has a duty to deny *in forma pauperis* to those individuals who have abused the
13 system."); *Johnson v. Irby*, 2009 WL 1973510, at *3 (N.D. Fla. July 8, 2009) ("A court may
14 deny IFP status prospectively when the number, content, frequency, and disposition of a
15 litigant's filings show an abusive pattern.") (internal quotations omitted).

16     Notwithstanding IFP status, the Court must subject each civil action commenced pursuant
17 to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case
18 that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks
19 monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B);
20 *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §
21 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir.
22 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua*
23 *sponte* dismiss an IFP complaint that fails to state a claim). An in IFP complaint is frivolous if "it
24

ORDER RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS AND
DIRECTING AMENDED COMPLAINT - 2

ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

    A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

    Unless it is clear a *pro se* plaintiff cannot cure the deficiencies of a complaint, the Court will provide the *pro se* plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

    **Plaintiff's Application to Proceed IFP.** Plaintiff states he is unemployed and a review of his Application to Proceed IFP shows he cannot afford the filing fee. *See* Dkt. 1.

    **Analysis of Plaintiffs' Claims**. Not withstanding his inability to pay, the Court finds Plaintiff's proposed complaint fails to state a claim upon which relief can be granted.

    *Statute of Limitations.* The allegations in the proposed complaint began in May of 2020. Dkt. 1-1. A complaint must be timely filed. "[T]he federal courts [] apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In *Rose*, the Ninth Circuit determined the three-year limitations period identified in Revised Code of Washington 4.16.080(2) is the applicable statute of

1  limitations for § 1983 cases in Washington. 654 F.2d at 547; see R.C.W. § 4.16.080(2).

2  Additionally, in Washington, claims under 42 U.S.C. § 2000d have a three year statute of

3  limitations. *See Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 711-12 (9th Cir. 1993); *see also*

4  RCW 4.16.080(2).

5        The Court also applies the forum state's law regarding equitable tolling for actions

6  arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts

7  permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998).

8  "The predicates for equitable tolling are bad faith, deception, or false assurances by the

9  defendant and the exercise of diligence by the plaintiff." *Id*. Courts "typically permit equitable

10 tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable

11 neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted).

12 Washington State also allows for a tolling period when a person is imprisoned on a criminal

13 charge prior to sentencing. *See* R.C.W. § 4.16.190; *see also Williams v. Holevinski*, 2006 WL

14 216705, *2 (E.D. Wash. July 31, 2006).

15       Although the statute of limitations is an affirmative defense which normally may not be

16 raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an i*n forma*

17 *pauperis* complaint where the defense is complete and obvious from the face of the pleadings or

18 the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

19       Plaintiff filed this lawsuit on September 13, 2024. Dkt. 1. Therefore, any claim arising

20 prior to September 13, 2021 is barred by the statute of limitations. In the proposed complaint,

21 Plaintiff alleges the incidents giving rise to the allegations in this case occurred beginning May

22 of 2020 through July of 2020. Dkt. 1-1. In a conclusory manner, Plaintiff states an incident

23 occurred in June 2024, but provides no information about the incident on that date.

24

ORDER RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS AND
DIRECTING AMENDED COMPLAINT - 4

From the allegations contained in the proposed complaint, Plaintiff had actual notice of the underlying facts in this case more than three years prior to filing this lawsuit. *See* Dkt. 1-1; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action). As such, this case is untimely. Plaintiff has not shown statutory or equitable tolling is applicable. *See* Dkt. 1-1. Therefore, Plaintiff must show cause why this case should not be dismissed as untimely.

*Improper Defendant*. Plaintiff named the Grays Harbor Housing Authority as the sole defendant in this case. Dkt. 1-1. The Grays Harbor Housing Authority is not a legal entity capable of being sued under § 1983. Rather, the Grays Harbor County, a municipality, is the proper defendant. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Wright v. Clark County Sheriff's Office*, 2016 WL 1643988, *2 (W.D. Wash. April 26, 2016). Therefore, Plaintiff must show cause why this case should not be dismissed for failing to name a proper defendant.

*Failure to State a Claim.* Even if Plaintiff had named Grays Harbor County as the defendant, the claims still fail. To set forth a claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Monell*, 426 U.S. at 690-91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992). Plaintiff has not alleged facts to show Grays Harbor County is liable. *See* Dkt. 1-1. Rather, it is unclear from the allegations in the proposed complaint how Grays Harbor County could be liable or that

ORDER RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS AND
DIRECTING AMENDED COMPLAINT - 5

there is any policy implicated in this action. Therefore, even if Plaintiff named the municipality, Plaintiff has failed to state a claim upon which relief can be granted against Grays Harbor County.

Plaintiff also alleges a claim under the Violence Against Women Act ("VAWA"). Dkt. 1-1. Plaintiff sites 42 U.S.C. § 14043. *Id*. However, it appears the statute Plaintiff relies on has been repealed. Further, Plaintiff has not alleged facts showing relief is warranted under the VAWA. Therefore, Plaintiff has not stated a claim upon which relief can be granted under the VAWA.

Plaintiff also alleges a negligence claim. Dkt. 1-1. Plaintiff's allegations are too conclusory for this Court to find Plaintiff's constitutional rights were violated or that negligence occurred. Further, if Plaintiff cannot cure the deficiencies of his federal claims, the undersigned will recommend the Court decline supplement jurisdiction over the state law claims.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). At this time, the Court finds it is improbable Plaintiff can cure the deficiencies of his proposed complaint. However, in an abundance of caution, the Court will grant Plaintiff an opportunity to amend his proposed complaint to try to state a claim.

**Decision on Application to Proceed IFP**.  A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). Based upon the above

analysis of the deficiencies in the proposed complaint, the Court finds it appropriate to re-note Plaintiff's application to proceed IFP (Dkt. 1) to October 21, 2024.

Accordingly, it is hereby **ORDERED** that:

- Plaintiff's application to proceed *in forma pauperis* (Dkt. 1) is **RENOTED** to **OCTOBER 21, 2024;** and

- Plaintiff's proposed amended complaint, if any, **IS DUE** on or before **OCTOBER 21, 2024**.

Dated this 20th day of September, 2024.

David W. Christel
United States Magistrate Judge