UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACOB NOCITA,<br><br>                Plaintiff,<br><br>    v.<br><br>HOUSING AUTHORITY OF GRAYS HARBOR COUNTY,<br><br>                Defendant. | Case No. 3:24-cv-05771-TMC<br><br>ORDER |

## I.    ORDER

Before the Court is pro se Plaintiff Jacob Nocita's response to the Court's order to show cause (Dkt. 18) and motion for default judgment and sanctions (Dkt. 17).

On September 13, 2024, Mr. Nocita filed this action against Defendant Housing Authority of Grays Harbor County. Dkt 1. Magistrate Judge David Christel granted his motion for leave to proceed in forma pauperis ("IFP") on November 15, 2024. Dkt. 7. On February 27, 2025, the Court ordered Mr. Nocita to show cause why the case should not be dismissed without prejudice for failing to comply with initial case scheduling deadlines and to serve the complaint within 90 days as required by Federal Rule of Civil Procedure 4(m). *See* Dkt. 15.

ORDER - 1

Mr. Nocita filed a declaration explaining that he "served the Housing Authority of Gray's Harbor with the Summons and Complaint by mailing a copy via United States Postal Service (USPS) Priority Mail . . . to their official business address." Dkt. 16 at 1. Mr. Nocita attached the USPS tracking confirmation showing proof of delivery on February 1, 2025, and stated that he has not received a response from the Housing Authority of Grays Harbor County. *Id.* at 2.

Under Federal Rule of Civil Procedure 4(c), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c).

Federal Rule of Civil Procedure 4(m) provides, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). In Washington state, "[a] plaintiff suing a county must serve the county auditor." *Whidbee v. Pierce County*, 857 F.3d 1019, 1021 (9th Cir. 2017) (citing RCW 4.28.080(1)). Under RCW 4.28.080(1), "[t]he summons shall be served by delivering a copy thereof, as follows: [i]f the action is against any county in this state, to the county auditor or, during normal office hours, to the deputy auditor, or in the case of a charter county, summons may be served upon the agent, if any, designated by the legislative authority." RCW 4.28.080(1).

Here, the Court finds that Mr. Nocita has not completed service that complies with Rule 4(c) and (m). Mailing the complaint and summons to the business address is not an authorized method of service on a county entity under RCW 4.28.080(1). However, since Mr. Nocita is *pro se*, and the record reflects he tried to serve the Housing Authority of Grays Harbor County in good faith, the Court finds he has shown good cause for an extension. *See* Fed. R. Civ. P. 4(m).

ORDER - 2

The Court thus GRANTS Mr. Nocita thirty days to file proof of service to the county auditor or deputy auditor. Given Mr. Nocita's IFP status, he may also request that the Court assist him with service pursuant to Federal Rule of Civil Procedure 4(c)(3).

Mr. Nocita also filed a motion for default judgment and sanctions. *See* Dkt. 17. Under this District's local rules, before filing a motion for default judgment, the party must first request the court clerk to enter default. *See* LCR 55(a). In this request, the party must file an affidavit that "specifically show[s] that the defaulting party was served in a manner authorized by Fed. R. Civ. P. 4." *Id.* For the reasons explained above, Mr. Nocita has not complied with Rule 4 and thus cannot move for default. *See id.* Accordingly, Mr. Nocita's motion for default and sanctions (Dkt. 17) is DENIED.

Therefore, it is hereby ORDERED that:

- Not later than April 30, 2025, Mr. Nocita must file proof of service in accordance with RCW 4.28.080(1) or request that the Court assist him with service pursuant to Fed. R. Civ. P. 4(c)(3). Otherwise, the Court will dismiss his case without prejudice.
- The motion filed at Dkt. 17 is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 31st day of March, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER - 3