```
          FILED            LODGED
                RECEIVED

        JUL 30 2025

    CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                 DEPUTY
```

UNITED STATES DISTRICT COURT

**WESTERN DISTRICT OF WASHINGTON**

**JACOB NOCITA,**
Plaintiff,
v.
**HOUSING AUTHORITY OF GRAYS HARBOR COUNTY; GRAYS HARBOR COUNTY,**
Defendants.

3:24-CV-05771

Case No.: [INSERT CASE NUMBER]

**PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANTS' COUNSEL GEORGIA A. STEARNS**

## I. INTRODUCTION

Pursuant to the Rules of Professional Conduct and the Court's inherent authority to supervise the conduct of attorneys, Plaintiff Jacob Nocita respectfully moves this Court to disqualify attorney Georgia A. Stearns as counsel of record for Defendants in this matter. Ms. Stearns previously served as legal counsel for the Department of Children, Youth, and Families (DCYF) in Plaintiff's dependency case in Grays Harbor County Superior Court. During that case, Ms. Stearns utilized police reports and photographs—obtained through warrantless searches of Plaintiff's residence—as the foundation for the removal of Plaintiff's children.

Now, in the present civil rights action, Ms. Stearns represents both the Housing Authority of Grays Harbor County and Grays Harbor County itself—entities whose alleged misconduct is based on the very same underlying events. This creates a direct and substantial conflict of interest under RPC 1.9 and RPC 1.11.

## II. FACTUAL BACKGROUND

1. Plaintiff Jacob Nocita brings this 42 U.S.C. § 1983 action against the Housing Authority of Grays Harbor County and Grays Harbor County, alleging constitutional violations stemming from unlawful searches, seizures, and the wrongful removal of his children in 2020.
2. During the dependency proceedings in Grays Harbor County Superior Court, Georgia A. Stearns appeared as Special Assistant Attorney General representing DCYF (CPS). A

copy of one such court order dated July 28, 2021, bearing her signature, is attached as Exhibit A.
3. In those proceedings, Ms. Stearns relied upon police reports, photographs, and officer narratives that were obtained from warrantless and unconstitutional entries into Plaintiff's home, specifically on or around May 5, 2020, and July 2, 2020.
4. Those same events—specifically the unlawful searches and misuse of evidence—form the basis of Plaintiff's civil rights claims in this action.
5. Ms. Stearns is now appearing as counsel for Defendants Housing Authority of Grays Harbor County and Grays Harbor County, whose alleged liability is inextricably tied to the conduct of law enforcement, CPS, and other local officials in those same events.

### III. LEGAL STANDARD

Disqualification of counsel is appropriate where there exists a clear conflict of interest or where an attorney is in violation of professional conduct rules. See *Trone v. Smith*, 621 F.2d 994, 998 (9th Cir. 1980); *In re Airport Car Rental Antitrust Litigation*, 470 F. Supp. 495 (N.D. Cal. 1979).

Under **RPC 1.9(c)**, an attorney shall not use information relating to the representation of a former client to the disadvantage of the former client, nor may they represent a new client in a matter that is *substantially related* to the former representation.

Further, **RPC 1.11(a)** prohibits a lawyer who has formerly served as a public officer or employee from representing a private client in connection with a matter in which the lawyer participated personally and substantially as a public officer, unless the appropriate government agency gives informed consent.

### IV. ARGUMENT

Ms. Stearns's prior involvement as counsel for CPS in Plaintiff's dependency case is not tangential—it was central to the very same events and constitutional violations now at issue in this lawsuit. She was an active participant in:

- The submission of warrantless evidence by Hoquiam Police Department officers,
- The justification for removal of Plaintiff's children,
- The litigation of factual claims directly tied to Plaintiff's § 1983 allegations.

Although the Housing Authority was not named in the dependency case, the present civil rights claims arise from the same factual core—namely, unlawful searches and misuse of those searches by CPS and collaborating agencies.

Disqualification is necessary because:

1. Ms. Stearns has firsthand, non-public knowledge from her prior government role;
2. She is now defending entities that benefitted from the same conduct she previously supported;
3. Her continued involvement undermines the integrity of these proceedings and prejudices Plaintiff.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court disqualify Georgia A. Stearns from serving as counsel for Defendants in this case.

Respectfully submitted,
Dated: [Insert Date]

**Jacob Nocita**
Pro Se Plaintiff
107 Cub Lane
Hoquiam, WA 98550
nositaj2@gmail.com
(564) 228-9267

ATTACHMENTS:

- **Exhibit A**: Dependency court order dated July 28, 2021, showing Georgia A. Stearns as counsel.
- **Proposed Order Granting Motion to Disqualify**

x /s/ Jacob Nocita

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

JACOB NOCITA,
    Plaintiff,
v.                                  Case No: 3:24-cv-05771

HOUSING AUTHORITY OF GRAYS HARBOR COUNTY;
GRAYS HARBOR COUNTY,
    Defendants.

DECLARATION OF JACOB NOCITA IN SUPPORT OF MOTION TO DISQUALIFY GEORGIA A. STEARNS

I, Jacob Nocita, declare under penalty of perjury as follows:

1. I am the Plaintiff in this action and make this declaration in support of my motion to disqualify Georgia A. Stearns as counsel for Defendants.

2. Ms. Stearns previously served as counsel for the Washington State Department of Children, Youth, and Families (DCYF), also referred to as CPS, in my dependency proceedings in Grays Harbor County Superior Court.

3. In that role, Ms. Stearns filed motions and obtained court orders that resulted in the removal of my children from my care.

4. The removal was based in large part on police reports, photographs, and other evidence obtained through warrantless and unconstitutional searches of my home by the Hoquiam Police Department on or about May 5, 2020, and July 2, 2020.

5. The law enforcement officers who conducted those searches sent their reports and photographs directly to Andrea Leal, the CPS social worker assigned to my case, who then forwarded them to Ms. Stearns.

6. At no time during the dependency proceedings did the court or Ms. Stearns acknowledge the lack of a warrant or the constitutional violations that occurred.

7. Prior to the involvement of CPS or law enforcement, I made formal requests to the Housing Authority of Grays Harbor County for an emergency relocation pursuant to the Violence Against Women Act (VAWA), due to ongoing domestic violence, stalking, and threats to the safety of my children.

8. The Housing Authority refused or failed to act on these requests, and I believe that if they had fulfilled their legal obligations under federal law, none of the events leading to the removal of my children would have occurred.

9. Ms. Stearns now represents both the Housing Authority and Grays Harbor County in this federal civil rights lawsuit, where the same unconstitutional conduct and failures of those agencies are the basis of my claims.

10. Because of her prior role in using and benefiting from the very conduct that I am now challenging, Ms. Stearns's continued representation of Defendants creates a conflict of interest and gives her access to confidential information that could unfairly prejudice my case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: 07/25/2025
Hoquiam, Washington

/s/ Jacob Nocita
Jacob Nocita
107 Cub Lane
Hoquiam, WA 98550
nositaj2@gmail.com
(360)886-4124

**3.21  Release of Information:**

All court-ordered service providers shall make all records and all reports available to DCYF, attorney for DCYF, parent's attorney, the guardian ad litem and attorney for the child. Parents shall sign releases of information and allow all court-ordered service providers to make all records available to DCYF and the guardian ad litem or attorney for the child. Such information shall be provided immediately upon request. All information, reports, records, etc., relating to the provision of, participation in, or parties' interaction with services ordered by the court or offered by DCYF may be subject to disclosure in open court unless specifically prohibited by state or federal law or regulation.

DCYF may continue to make reasonable efforts to locate and investigate an appropriate relative or other suitable person who is available and willing to care for the child, and is authorized to share information about the child, as necessary, with potential relative or other suitable person placement resources to determine their suitability and willingness as a placement for the child.

3.22  All parties shall appear at the next scheduled hearing (see page one).

Dated: 7/28/2021

Judge/Commissioner

Presented by:

GEORGIA A. STEARNS
Special Assistant Attorney General
WSBA #54770

**Notice: A petition for permanent termination of the parent-child relationship may be filed if the child is placed out-of-home under an order of dependency. (RCW 13.34.180.)**

Copy Received; Approved for Entry; Notice of Presentation Waived:

_____
**Signature of Child**

_____
Signature of Child's Lawyer
WSBA#

_____
**Signature of Mother**
☐ Pro Se, Advised of Right to Counsel

_____
Signature of Mother's Lawyer
WSBA#

**First/Dep Review/Perm Pla. Hrg Or (FDPRHO, DPRHO, ORPP) -**
Page 15 of 17
WPF JU 03.0500 (01/2021) - JuCR 3.9; RCW 13.34.046, .130, .136, .138, .145

PROSECUTING ATTORNEY
GRAYS HARBOR COUNTY COURTHOUSE
102 WEST BROADWAY, ROOM 102
MONTESANO, WA 98563
(360) 249-3951 FAX 249-6064

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

JACOB NOCITA,
    Plaintiff,
v.                                    Case No:3:24-cv-05771

HOUSING AUTHORITY OF GRAYS HARBOR COUNTY;
GRAYS HARBOR COUNTY,
    Defendants.

[PROPOSED] ORDER GRANTING MOTION TO DISQUALIFY COUNSEL

This matter comes before the Court on Plaintiff's Motion to Disqualify Georgia A. Stearns as counsel for Defendants. Having reviewed the motion, supporting declaration, and all relevant pleadings, the Court hereby finds good cause to grant the motion.

IT IS HEREBY ORDERED that:

Attorney Georgia A. Stearns is disqualified from representing Defendants in the above-captioned matter.

IT IS SO ORDERED.

DATED this ___ day of _____, 2025.

_____
United States District Judge

From: Jacob Nocita
107 Cub LN Hoquiam WA
98550

To 1717 Pacific Ave
Tacoma WA 98402



FILED _____ LODGED
         RECEIVED
JUL 30 2025
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                    DEPUTY