UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACOB NOCITA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>HOUSING AUTHORITY OF GRAYS<br><br>HARBOR COUNTY,<br><br>　　　　　　Defendants. | Case No. 3:24-cv-05771-TMC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY DEFENSE COUNSEL |

## I.　INTRODUCTION

Before the Court is *pro se* plaintiff Jacob Nocita's ("Mr. Nocita") motion to disqualify Georgia Stearns ("Stearns") as counsel for defendant Grays Harbor County ("the County"). Dkt. 29. For the following reasons, Mr. Nocita's motion is DENIED.

## II.　BACKGROUND

The Court assumes familiarity with Mr. Nocita's amended complaint, Dkt. 10, and will recite only facts necessary to resolve the instant motion. Mr. Nocita and his family resided in a unit provided by the Housing Authority of Grays Harbor County ("Housing Authority"). Dkt. 10 at 2. In his amended complaint, Mr. Nocita alleges that he and his family were wrongfully

evicted, overcharged on rent, and were not relocated by the Housing Authority despite "numerous requests and incidents of domestic violence and unlawful entry." *Id.*

Mr. Nocita filed his amended complaint with the County as the defendant, believing "the Housing Authority is a department or agency of the County." Dkt. 10 at 2. After the County was served the amended complaint, Stearns filed a notice of appearance on behalf of the County. Dkt. 25. Most important for this motion, before the period alleged in the amended complaint, the Department of Children, Youth, and Families ("DCYF") pursued a dependency action concerning Mr. Nocita's children. Dkt. 29 at 6. Stearns represented DCYF in that action. *Id.*

A little more than two weeks later, Mr. Nocita filed the instant motion, seeking to disqualify Stearns as counsel for the County. Dkt. 29.

### III. DISCUSSION

"Motions to disqualify counsel are generally decided under state law and are ultimately subject to the trial court's discretion." *Bolding v. Banner Bank*, No. C17-601, 2021 WL 1171988, at *1 (W.D. Wash. Mar. 29, 2021) (first citing *In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000), then citing *Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980)). "Disqualification of counsel is a drastic remedy that exacts a harsh penalty from the parties as well as punishing counsel; therefore, it should be imposed only when absolutely necessary." *Matter of Firestorm 1991*, 129 Wn.2d 130, 140, 916 P.2d 411, 416 (1996). "Washington courts are reluctant to disqualify an attorney absent compelling circumstances." *Thompson v. Seattle Pub. Sch.*, No. 2:25-CV-00468-TL, 2025 WL 2654650, at *2 (W.D. Wash. Aug. 8, 2025) (citation omitted). Those "compelling circumstances" include when counsel has "access to privileged information of an opposing party," or a "conflict of interest that undermines the fairness of the process." *Id.* (citations omitted). It can also include violations of the Washington Rules of Professional Conduct ("RPCs"). *Id.*

To support his motion to disqualify, Mr. Nocita argues that Stearns' continued representation of the County violates RPC 1.9(c) and RPC 1.11(a) because Stearns represented DCYF in a dependency matter concerning Mr. Nocita's children. Dkt. 29 at 2–3. The Court will consider each RPC in turn.

**A.     RPC 1.9(c)**

A lawyer's "[d]uties to former clients" is regulated by RPC 1.9. Under RPC 1.9(c) "[a] lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:"

> (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or

> (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

RPC 1.9(c)(1)–(2). "[T]he burden falls on the former client who seeks to disqualify an adverse party's lawyer." *Plein v. USAA Cas. Ins. Co.*, 195 Wn.2d 677, 686, 463 P.3d 728, 732 (2020).

Mr. Nocita argues that Stearns' "prior involvement as counsel for [DCYF] in [his] dependency case is not tangential—it was central to the very same events and constitutional violations now at issue in this lawsuit." Dkt. 29 at 2. The County argues that RPC 1.9(c) does not disqualify Stearns because Mr. Nocita does not have standing and "is not and does not claim to be [] Stearns' current or former client." Dkt. 33 at 1–3. The Court agrees. Again, RPC 1.9(c) concerns a "lawyer who has formerly represented a client in a matter" and what duty they owe the former client. *Plein*, 195 Wn.2d at 697 ("RPC 1.9(c) forbids only use of confidential information against a former client."). Mr. Nocita does not allege that he was a former client of Stearns. Accordingly, Stearns' continued representation of the County does not violate RPC 1.9(c).

**B.     RPC 1.11(a)**

The obligations of "former or current government" lawyers are outlined in RPC 1.11. Under RPC 1.11(a):

> Except as law may otherwise expressly permit, a lawyer who has formerly served as a public officer or employee of the government … shall not otherwise represent a client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency gives its informed consent, confirmed in writing, to the representation.

In other words, this rule concerns successive government and private employment, prohibiting a lawyer in private practice from representing a client in connection with the same matter in which they "participated personally and substantially as a public officer or employee." *Id.*

Mr. Nocita makes the same argument under this rule as he did under RPC 1.9, and the County gives the same response. *See supra*. RPC 1.11(a) is inapplicable to the facts before the Court. There is no issue of conflict-of-interest stemming from successive government and private employment. Stearns represented the government in the prior dependency case and she continues to represent the government. Although work by the same attorney for different government agencies on related matters has the potential to implicate other Rules of Professional Conduct, they are not implicated by the facts or arguments presented in this motion. Stearns' continued representation of the County in a matter adverse to Mr. Nocita does not violate RPC 1.11(a).

## IV.    CONCLUSION

"Disqualification of counsel is a drastic remedy" that "should be imposed only when absolutely necessary." *Firestorm*, 129 Wn.2d at 140. Mr. Nocita has not established that disqualification is necessary here. His motion to disqualify Stearns as the County's attorney is therefore DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY DEFENSE COUNSEL - 4

Dated this 12th day of November, 2025.

*[signature]*

Tiffany M. Cartwright
United States District Judge